MELVIN W. GRIFFIN AND WIFE, MARY E. GRIFFIN; AND MILL END
CARPET OUTLET, INC. v. ERNEST R. CANADA

No. 7518DC958

(Filed 21 April 1976)

**Fraud § 12— false affidavit — absence of reliance and injury**
    Evidence that defendant builder falsely represented in an affidavit
to obtain the release of home construction loan funds that all bills for
labor and materials had been paid when in fact a bill for carpet had
not been paid was insufficient for the jury in an action for fraud
brought by the homeowners and the carpet supplier since there was
no evidence of reliance on the affidavit by the carpet supplier and
there was no evidence that either the carpet supplier or the homeown-
ers were injured by the false affidavit.

APPEAL by plaintiffs from *Clark, Judge.* Judgment entered
19 June 1975 in District Court, GUILFORD County. Heard in the
Court of Appeals 15 March 1976.

This appeal stems from an action brought by plaintiffs
against the defendant for fraud. The plaintiffs, Mr. and Mrs.
Griffin, entered into a contract with the defendant for the
construction of a new home on Selkirk Drive in Greensboro,
North Carolina, and the plaintiff, Mill End Carpet Outlet, Inc.,
installed carpet in the new house.

The evidence tends to show that the Griffins agreed to pay
the defendant $45,000.00 for the construction of a new house,
and the defendant promised to build the house, perform neces-
sary repairs and corrections, and install carpet in place of the
oak floors specified in the original plan. In May 1974 the de-
fendant asked Mill End Carpet Outlet to install carpet which
the Griffins had selected for their new house. An invoice for
$1,625.24 was mailed to the defendant for the carpet on or
about 13 May 1974, and another invoice for additional padding
and carpeting was mailed to the defendant on or about 19 July
1974. These invoices have never been paid.

On 11 June 1974 plaintiffs paid the defendant a total of $18,017.98 as part of the contract price for the house. A portion of this sum ($9,617.98) was the balance of a $33,000.00 construction loan obtained by the Griffins from Gate City Savings and Loan Association. Before releasing the $9,617.98 to the Griffins to pay the defendant, Gate City Savings and Loan Association required the defendant to execute a notarized affidavit to the effect that "he [defendant] is familiar with the property described in this application for loan from the Gate City Savings and Loan Association; that he has had charge of the purchase of materials and contracting for labor for building recently constructed or repaired on said premises; that all bills for labor and materials used in constructing or repairing any building or buildings on said premises within the last six months have been paid except the following. . . . " No bills for labor or materials were described in the space provided. In addition it states that "[t]his affidavit is made to save said Association harmless from any claims for labor and material and as an inducement to said Association to pay to me the balance of money due on said loan." At trial the defendant testified as follows: "I was aware on June 11, 1974 when I signed the affidavit that the carpet had not been paid for and that Mill End Carpet Outlet was owed $1,625.24. I have still not paid Mill End Carpet Outlet and they are owed about $1,664.19 for the carpet. I did tell Mr. Griffin that I would pay Mill End Carpet Outlet but I still don't have the money to pay them."

After the presentation of evidence, the court made findings of fact and entered the following "conclusions of law":

CONCLUSIONS OF LAW

"1. The plaintiff, Mill End Carpet Outlet, Inc., is entitled to recover damages from the defendant, Ernest R. Canada, in the sum of $1,664.19 plus interest from July 19, 1974.

"2. The crossaction and counterclaim of the defendant, Canada, against the plaintiffs, Melvin W. Griffin and wife Mary E. Griffin, ought to be dismissed as the defendant, Canada, has received all money that he is entitled to under the contract with the plaintiffs, Griffin."

*Adams, Kleemeier, Hagan, Hannah & Fouts, by M. Jay DeVaney, for the plaintiffs.*

*High, Washington & Bowden, by Barbara Gore Washington, for the defendant.*

BROCK, Chief Judge.

The plaintiffs assign error to the judge's dismissal of their claim for fraud against the defendant. It is well established in this jurisdiction that in an action for fraud arising from an express representation, the plaintiff must establish six essential elements: (1) That defendant made a representation relating to some material past or existing fact; (2) that the representation was false; (3) that when he made it, defendant knew that the representation was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that defendant made the representation with the intention that it should be acted upon by plaintiff; (5) that plaintiff reasonably relied upon the representation, and acted upon it; and (6) that plaintiff thereby suffered injury. *Austin v. Tire Treads, Inc.,* 21 N.C. App. 737, 205 S.E. 2d 615 (1974).

Although it is clear that the defendant signed the affidavit knowing it to be false, the record is devoid of any evidence of reliance by Mill End Carpet Outlet; the affidavit had no bearing on the sale of carpet to the defendant. Moreover, there is no evidence that either of the plaintiffs was injured by the false affidavit. Mill End Carpet Outlet was not injured by the alleged fraud of the defendant; rather, it was injured by the defendant's failure to pay the invoice when submitted to defendant. Whether the Griffins could have been injured by the false affidavit poses a more difficult question. Had Mill End Carpet Outlet filed and perfected a lien for the carpet sold to defendant, and subsequently foreclosed in the event defendant failed to pay for the carpet, it may be that the Griffins would have been sufficiently injured to establish fraud. However, there is no evidence that such a lien was filed or that the Griffins are now confronted with this potential harm. Therefore, based on the record before us, we hold that the plaintiffs failed to produce sufficient evidence of reliance and injury to sustain a finding of fraud by the defendant.

Affirmed.

Judges VAUGHN and MARTIN concur.