IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-171

Filed 5 November 2025

Wake County, No. 24CV011967-910

HORIZON FOREST PRODUCTS, L.P. d/b/a HORIZON FOREST PRODUCTS, Plaintiff,

v.

FLOWERS FLOORING, LLC, and JEREMY WILLIAM FLOWERS, Defendants.

Appeal by Plaintiff from judgment entered 4 December 2024 by Judge Christine Walczyk in Wake County District Court. Heard in the Court of Appeals 27 August 2025.

*Sands Anderson PC, by Joshua L. Rogers, for Plaintiff-Appellant.*

*Rosenwood, Rose & Litwak, PLLC, by Nancy S. Litwak, for Defendants-Appellees.*

GRIFFIN, Judge.

Plaintiff Horizon Forest Products, L.P., appeals from the trial court's dismissal of Plaintiff's alleged fraud, conversion, and punitive damages claims against Defendants Flowers Flooring, LLC, and Jeremy William Flowers. Plaintiff contends a single incident of writing a worthless check is sufficient for fraud and punitive damages claims. Further, Plaintiff asserts Jeremy Flowers can be individually liable because he actively participated in the wrongdoing. Finally, Plaintiff purports it properly alleged all elements of conversion. We agree with Plaintiff on all arguments,

and reverse and remand.

## I.  Factual and Procedural Background

Plaintiff sold wood products to Flowers Flooring on 21 April 2023.  Jeremy Flowers wrote a check in the amount of $17,498.78 on behalf of Flowers Flooring and Flowers Flooring delivered the check to Plaintiff.  The check was not honored when Plaintiff tried to cash it, leaving Plaintiff without those funds and an additional bank service fee.

Less than a year later, Plaintiff filed a complaint and issuance of summons.  Shortly after, Defendants moved to dismiss the action for failure to state a claim upon which relief can be granted.

On 3 September 2024, Judge Sasser entered an order dismissing Plaintiff's claims of fraud, conversion, and punitive damages while keeping its breach of contract and unjust enrichment claims as to Flowers Flooring; and dismissing the fraud, conversion, punitive damages, breach of contract, and unjust enrichment claims as to Jeremy Flowers.  About a month afterward, Plaintiff and Flowers Flooring participated in arbitration for breach of contract and unjust enrichment, where the arbitrator found for Plaintiff.

On 4 December 2024, Judge Walczyk entered judgment on the arbitrator's decision and the September 3 order, finalizing the dismissal of fraud, conversion, and punitive damages claims.  Plaintiff timely appeals.

## II.  Analysis

Plaintiff argues the trial court erred in its dismissal of fraud, conversion, and punitive damages claims against Flowers Flooring as well as in its dismissal of fraud, conversion, and punitive damages claims against Jeremy Flowers.

## A. Standard of Review

This Court reviews an appeal from a Rule 12(b)(6) motion to dismiss order under a de novo standard of review to determine a pleading's legal sufficiency and to ensure the trial court ruled correctly on the motion to dismiss. *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (2003). We then determine whether the factual allegations of the complaint, when treated as true, sufficiently state a claim upon which relief may be granted. *Taylor v. Bank of America, N.A.*, 382 N.C. 677, 679, 878 S.E.2d 798, 800 (2022) (citation omitted). The complaint must be liberally construed. *Wells Fargo Bank, N.A. v. Corneal*, 238 N.C. App. 192, 195, 767 S.E.2d 374, 377 (2014). Rule 12(b)(6) dismissal is proper when a complaint's claim on its face is unsupported by law, the complaint on its face shows a lack of sufficient facts to make a claim, or the complaint discloses facts that undermine a claim. *Howe v. Links Club Condo. Ass'n, Inc.*, 263 N.C. App. 130, 137, 823 S.E.2d 439, 447 (2018) (citation omitted).

## B. Fraud

Plaintiff alleges the trial court erred in its dismissal of fraud claims for both Flowers Flooring and Jeremy Flowers, as a corporate officer.

An actual fraud claim must include (1) a false representation, (2) that was reasonably designed to deceive, (3) made with intent to deceive, (4) that deceives, and (5) damages the party who was deceived. *Vanguard Pai Lung, LLC v. Moody*, 387 N.C. 376, 383, 912 S.E.2d 788, 794 (2025) (citation omitted); *Forbis v. Neal*, 361 N.C. 519, 526–27, 649 S.E.2d 382, 387 (2007) (citation omitted). Fraud must be plead with particularity, including the "'alleg[ed] time, place, and content of the fraudulent representation,'" the identity of the person who made the representation, and the acquisition from the misrepresentation. *Value Health Sols., Inc. v. Pharm. Rsch. Assocs., Inc.*, 385 N.C. 250, 263, 891 S.E.2d 100, 112 (2023) (citation omitted). Mere conclusory statements alleging fraud will be insufficient. *Sharp v. Teague*, 113 N.C. App. 589, 597, 439 S.E.2d 792, 797 (1994) (citation omitted); *Terry v. Terry*, 302 N.C. 77, 85, 273 S.E.2d 674, 678 (1981).

Attempting to pay with checks unsupported by sufficient funds can qualify as a sufficient fraud claim. *Austin v. Tire Treads, Inc.*, 21 N.C. App 737, 739, 205 S.E.2d 615, 616 (1974) (citation omitted). Plaintiff should show that the alleged insufficiently funded checks were not liquid when issued or collectable for a reasonable period after the checks were issued. *Id.* at 740, 205 S.E.2d at 617.

A corporate officer, even when acting as an agent of an entity, may be personally liable when he or she actively participated in fraud. *Palomino Mills v. Davidson Mills Corp.*, 230 N.C. 286, 292, 52 S.E.2d 915, 919 (1949); *see Austin*, 21 N.C. App. at 739–40, 205 S.E.2d at 616–17; *Taft v. Brinley's Grading Servs., Inc.*, 225

N.C. App. 502, 520, 738 S.E.2d 741,752 (2013). For example, a corporate officer may face personal liability for fraud when misrepresenting a company's financial condition causing damage to another party. *Austin*, 21 N.C. App. at 739, 205 S.E.2d at 616–17 (citation omitted).

Here, Plaintiff alleges Flowers Flooring, through Jeremy Flowers, delivered Plaintiff a check not supported by sufficient funds, a plausible form of false representation when treated as true. Plaintiff declares Defendants knew that the amount in the check's account was insufficient to pay for the goods. Further, Plaintiff contends Defendants had no intention of paying Plaintiff. Moreover, Plaintiff asserts Defendants intended to induce Plaintiff to rely on the validity of the check, and that Plaintiff reasonably relied on their misrepresentation. Defendant's check was then dishonored, damaging Plaintiff by the check amount and the bank service fee. Plaintiff sufficiently addresses each element of a fraud claim. These allegations, when treated as true, sufficiently state a fraud claim upon which relief can be granted.

Plaintiff not only alleged a sufficient fraud claim against Flowers Flooring, but also sufficiently alleged a fraud claim against Jeremy Flowers, individually. It is alleged Jeremy Flowers, as a corporate officer, actively participated in fraud when misrepresenting Flowers Flooring's financial condition. The complaint on its face shows it is supported by law and facts and none of the facts defeat the claim; thus, dismissal was not proper.

Plaintiff pleaded the fraud claim with appropriate particularity including the time, place, and content of the misrepresentation as well as the identities of the culprits and the acquisition from the misrepresentation. In its complaint, Plaintiff includes the date of the occurrence to be 21 April 2023, recognizes the fraudulent representation content as the check not supported by sufficient funds, identifies Jeremy Flowers made the misrepresentation in endorsing and delivering the worthless check, and highlights that Defendants acquired Plaintiff's expensive wood products without proper payment. Plaintiff's allegations satisfy the particularity statement and meet the Rule 12(b)(6) standard.

## C. Conversion

Conversion essentially consists of (1) a plaintiff's ownership and (2) a defendant's wrongful possession. *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 523, 723 S.E.2d 744, 747 (2012) (citation omitted). In other words, conversion is a tort consisting of unsanctioned control over goods or chattel that belong to someone else, resulting in exclusion of the owner's rights or in the object's alteration. *Id.*

The "economic loss rule prohibits recovery for purely economic loss in tort, as such claims are instead governed by contract law." *Lord v. Customized Consulting Specialty, Inc.*, 182 N.C. App. 635, 639, 643 S.E.2d 28, 30 (2007) (citation omitted). Generally, a breach of contract does not amount to a tort claim by the promisee against the promisor, but there are many exceptions including "a conversion of the

property of the promisee, which was the subject of the contract, by the promisor." *N.C. State Ports Authority v. Lloyd A. Fry Roofing Co.*, 294 N.C. 73, 82, 240 S.E.2d 345, 351 (1978) (citation omitted) (receiving negative treatment for a different reason); *see Lake Mary Ltd. Partnership v. Johnston*, 145 N.C. App. 525, 532, 551 S.E.2d 546, 552 (2001) (showing that a conversion claim may coexist with a breach of contract claim); *Di Frega v. Pugliese*, 164 N.C. App. 499, 509, 596 S.E.2d 456, 463–64 (2004) (holding the trial court did not err in denying the plaintiff's motion to dismiss the conversion claim, even with the existence of a lease agreement).

Plaintiff's conversion claim arises from the same factual circumstance as described in the fraud section: Defendants took control and ownership of Plaintiff's goods, the wood products, and failed to properly pay Plaintiff, resulting in Plaintiff's exclusion of its ownership rights. When treated as true, this allegation sufficiently states a conversion claim upon which relief may be granted.

Defendants argue the economic loss rule bars Plaintiff's conversion claim. However, conversion claims are excepted from the general rule that a breach of contract does not amount to a tort claim by the promisee against the promisor. *Ports Authority*, 294 N.C. at 82, 240 S.E.2d at 351. Therefore, Plaintiff is not barred from pursuing a conversion claim and sufficiently pled a compensable claim for conversion, considering the complaint must be liberally construed.

**D. Punitive Damages**

Punitive damages may be awarded if a claimant proves a defendant is liable for compensatory damages where actual fraud was present and related to the injury. N.C. Gen. Stat. § 1D-15(a)-(b) (2023); *Estate of Long v. Fowler*, 378 N.C. 138, 142, 861 S.E.2d 686, 691 (2021).

Plaintiff's punitive damages claim turns on Defendants' actual fraud, as previously discussed, related to Plaintiff's injury of $17,498.78 plus the $35 bank fee. The punitive damages claims, when treated as true, are sufficiently stated such that relief may be granted. Therefore, this claim should not be dismissed under Rule 12(b)(6).

### III. Conclusion

At this stage, the allegations in Plaintiff's complaint, when treated as true, sufficiently state claims of fraud, conversion, and punitive damages on which relief can be granted against both Defendants. We reverse the trial court's dismissal of each of those claims and remand.

REVERSED AND REMANDED.

Judges CARPENTER and MURRY concur.