MARGIE ECKLIN MOORE, WIDOW OF K. E. MOORE v. WACHOVIA BANK AND TRUST COMPANY, TRUSTEE UNDER THE WILL OF K. E. MOORE, DECEASED; OPAL M. NANNEY; AND LISA RAKOWSKI, KEITH RAKOWSKI, AND LORRIE RAKOWSKI, MINORS, BY THEIR GUARDIAN AD LITEM, FRANKLIN B. JOHNSTON

No. 762SC96

(Filed 4 August 1976)

Fraud § 9— wife's conveyance to husband — insufficient allegations of fraud

Plaintiff's allegations that she conveyed her interest in entirety property to her husband because her husband falsely told her that he could not make a will unless her name was taken off the deed were insufficient to state a claim for setting aside her deed to her husband on the ground of active or constructive fraud.

APPEAL by plaintiff from *Rouse, Judge.* Judgment entered 24 November 1975 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 12 May 1976.

By deed dated 17 March 1959 plaintiff Margie Moore, wife of K. E. Moore, conveyed her interest in approximately 500 acres of land owned jointly by her and her husband to her husband, K. E. Moore. The deed was properly acknowledged pursuant to G.S. 52-6. Plaintiff and her husband have been married since 1930. K. E. Moore died on 30 May 1969. Four years after his death on 5 October 1973, plaintiff instituted this action to set aside the 1959 deed on the grounds that it was fraudulently procured by her husband. In paragraph 6 of the complaint the following allegations appear:

"6. That the fraud complained of is that K. E. Moore in violation of the mutual trust he and plaintiff had exercised towards one another for nearly 40 years fraudulently and falsely stated to the plaintiff that he could not make a will unless her name was taken off the deed. That the plain-

tiff believed the representations of the said K. E. Moore and acceeded to his procurement of her signature on the said deed."

The defendant, Wachovia Bank and Trust Company, moved for judgment on the pleadings. The motion was granted, and judgment dismissing the action was entered on 24 November 1974.

Plaintiff appealed.

*Frazier T. Woolard for the plaintiff.*

*Gaylord, Singleton & McNally, by Danny D. McNally, and Mayo & Mayo, by William P. Mayo, for the defendant, Wachovia Bank and Trust Company.*

BROCK, Chief Judge.

The sole question upon review is whether plaintiff's allegation that her husband asked her to convey her interest in the land so that he could "make out a will," coupled with allegations that his statement was "false and fraudulent" and induced plaintiff to execute the deed, is a sufficient allegation of either active or constructive fraud. In our opinion plaintiff's complaint is deficient, and defendant's motion for judgment on the pleadings was properly granted.

The essential elements of active fraud are well-established: There must be a misrepresentation of material fact, made with knowledge of its falsity and with intent to deceive, which the other party reasonably relies on to his deception and detriment. *Ragsdale v. Kennedy,* 286 N.C. 130, 209 S.E. 2d 494 (1974); *Auto Supply Co., Inc. v. Equipment Co., Inc.,* 2 N.C. App. 531, 163 S.E. 2d 510 (1968). Equally well-established is the requirement that the plaintiff allege all material facts and circumstances constituting the fraud with particularity in the complaint. *See* G.S. 1A-1, Rule 9(b). Mere generalities and conclusory allegations of fraud will not suffice. *In re Estate of Loftin* and *Loftin v. Loftin,* 285 N.C. 717, 208 S.E. 2d 670 (1974).

At most, plaintiff's complaint alleges that her husband asked her to deed her interest in the land to him so that he could make out a will and that she acquiesced. Only by speculation can actionable fraud be deduced from plaintiff's allegations. "A plead-

ing setting up fraud must allege the facts relied upon to constitute fraud, and that the alleged false representation was made with intent to deceive plaintiff, or must allege facts from which such intent can be legitimately inferred." *Calloway v. Wyatt*, 246 N.C. 129, 97 S.E. 2d 881 (1957). In our opinion plaintiff's complaint fails to meet this standard.

As noted in *Miller v. Bank*, 234 N.C. 309, 67 S.E. 2d 362 (1951), "[c]onstructive fraud differs from active fraud in that the intent to deceive is not an essential element, but it is nevertheless fraud though it rests upon presumption arising from breach of fiduciary obligation rather than deception intentionally practiced." "Where a transferee of property stands in a confidential or fiduciary relationship to the transferor, it is the duty of the transferee to exercise the utmost good faith in the transaction and to disclose to the transferor all material facts relating thereto and his failure to do so constitutes fraud. . . . Any transaction between persons so situated is 'watched with extreme jealousy and solicitude; and if there is found the slightest trace of undue influence or unfair advantage, redress will be given to the injured party.' " *Link v. Link,* 278 N.C. 181, 179 S.E. 2d 697 (1971).

Although plaintiff and K. E. Moore shared a fiduciary relationship as husband and wife at the time she executed the 1959 deed, there is no indication that he failed to exercise the utmost good faith in the transaction. He asked for her interest in the property so that he could "make out a will," and she generously conveyed her interest to him pursuant to his request. It appears that she understood the legal import of her actions and that she unequivocally intended to convey her interest in the land to him at the time she executed the deed. In the absence of a showing of fraudulent concealment or other form of misconduct resulting in injury to the plaintiff, the mere conveyance of a valuable interest in land by one spouse to the other spouse without consideration will not give rise to an action for constructive fraud. Here, K. E. Moore's request that his wife convey her interest in the property to him so that he could "make out a will," standing by itself, is not sufficient evidence of constructive fraud. Plaintiff's allegations are simply too sparce and fail to disclose in a convincing manner that she was deceived or taken advantage of by her husband at the time she executed the 1959 deed.

Affirmed.

Judges BRITT and ARNOLD concur.