EDWARD McKINLEY TERRY, JR. v. CHARLES THURMAN TERRY, IN-
DIVIDUALLY AND AS FORMER EXECUTOR OF THE ESTATE OF EDWARD
McKINLEY TERRY, SR.

No. 7910SC881

(Filed 6 May 1980)

**1. Fraud § 9— insufficiency of complaint to state claim**

Plaintiff's allegation that his father, at a time when his physical health
was fast deteriorating, transferred his interest in the business owned by him
and the defendant to the defendant for $25,000, coupled with plaintiff's "belief"
that the value of his father's interest far exceeded the price paid by defendant,
was not a sufficient pleading of actionable fraud as required by G.S. 1A-1, Rule
9(b).

**2. Executors and Administrators § 11— executor's improper approval of sale
alleged—insufficiency of complaint to state claim**

Allegation by plaintiff, deceased's son, that defendant, brother of de-
ceased, while acting as executor of his brother's estate, engaged in self-dealing
and breached his fiduciary duty in approving a contract for the sale of de-
ceased's interest in a retail business to defendant failed to state a claim for
relief, since the sales contract was executed and the transfer of plaintiff's
father's interest to defendant consummated three weeks before the father's
death, and defendant did not qualify as executor of the estate until some time
thereafter.

**3. Appeal and Error § 6.6— denial of motion to dismiss—no appeal**

No appeal lies from the denial of a Rule 12(b)(6) motion to dismiss.

APPEAL by plaintiff and defendant from *Britt, Judge.* Order
entered 16 August 1979 in Superior Court, WAKE County. Heard
in the Court of Appeals on 20 March 1980.

In this civil proceeding plaintiff undertakes to allege six
separate claims for relief against the defendant. The defendant's
Rule 12(b)(6) motion to dismiss for failure to state a claim upon
which relief could be granted was allowed with respect to the
first, third, fourth and sixth claims, and denied as to the fifth
claim. Plaintiff took a voluntary dismissal with prejudice with
respect to his second claim, and appealed. Defendant appealed
from the denial of his motion to dismiss the fifth claim.

*Tharrington, Smith & Hargrove, by Steven L. Evans, for the
plaintiff appellant.*

*Emanuel & Thompson, by W. Hugh Thompson, and Yeargan
& Mitchiner, by Joseph H. Mitchiner, for the defendant appellant.*

HEDRICK, Judge.

In his first claim for relief, plaintiff alleged that he was a devisee under the will of his father who, prior to his death on 25 February 1977, had been president and, until 31 May 1973, sole stockholder of a retail furniture and appliance business in Raleigh. He further asserted that his father's physical condition had declined rapidly and drastically due to cancer in the two months before his death; that his father was confined to bed and was administered heavy doses of medication for intense pain during that time; and that three weeks before his death, his father had signed a document "purporting to transfer all of his [deceased's] interest in Terry's Furniture Company, Inc." to the defendant for $25,000.00. Defendant is the brother of the deceased and was employed by the deceased "to assist in running the store and to keep the books of the store." On 31 May 1973 deceased had transferred "by gift" 1,087 shares of stock in the company to defendant. Although plaintiff witnessed the signing of the document transferring all interest in the business to the defendant, he alleged that he was under such "severe emotional distress" that he did not understand the contents of the document. He claimed that he did not learn of the transfer until more than a year following his father's death; that he was fired from his job at the store shortly thereafter; and that defendant had refused to allow him an opportunity to inspect the books and records of the company to determine the value of his father's interest, but upon information and belief, he alleged that the value "was far in excess" of the $25,000.00 paid by defendant. Plaintiff then alleged the following:

> 18. [Defendant] knowingly and willfully, and with the intent to deceive, fraudulently induced his brother and business associate, Edward McKinley Terry, Sr., [deceased] to sell his interest in Terry's Furniture Company, Inc. at a grossly inadequate price, and such deceit occurred at a time when Edward McKinley Terry, Sr. was confined to his bed, nearly blind, unable to talk or hear clearly, suffering from intense pain, and under heavy medication.

> 19. [Defendant] knowingly and willfully, and with the intent to deceive, misrepresented to plaintiff following the death of plaintiff's father the circumstances surrounding his

alleged purchase of plaintiff's father's interest in Terry's Furniture Company, Inc. and that plaintiff should trust his uncle to protect plaintiff's interest.

Plaintiff claimed that the "deceit" thereby perpetrated entitled him to recover as damages the difference between the "true market value" of his father's interest and the $25,000.00 paid by defendant.

[1] The question presented by plaintiff's appeal from the dismissal of this first claim is whether his allegation that his father, at a time when his physical health was fast deteriorating, transferred his interest in the business owned by him and the defendant to the defendant for $25,000.00, coupled with the plaintiff's "belief" that the value of his father's interest far exceeded the price paid by defendant, is a sufficient pleading of actionable fraud as required by Rule 9(b), G.S. § 1A-1. We think not.

> "Fraud has no all-embracing definition. Because of the multifarious means by which human ingenuity is able to devise means to gain advantages by false suggestions and concealment of the truth, and in order that each case may be determined on its own facts, it has been wisely stated 'that fraud is better left undefined,' lest, . . . 'the craft of men should find a way of committing fraud which might escape a rule or definition.' "

*Roberson v. Williams*, 240 N.C. 696, 701, 83 S.E. 2d 811, 814 (1954) [quoting from *Furst v. Merritt*, 190 N.C. 397, 404, 130 S.E. 40, 44 (1925)]. However, the vitals of the creature are well established: "There must be a misrepresentation of material fact, made with knowledge of its falsity and with intent to deceive, which the other party reasonably relies on to his deception and detriment." *Moore v. Wachovia Bank and Trust Co.*, 30 N.C. App. 390, 391, 226 S.E. 2d 833, 834 (1976); *see also Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E. 2d 494 (1974). Additionally, the plaintiff must sufficiently plead his cause by stating all material facts and circumstances allegedly constituting the fraud "with particularity." Rule 9(b), G.S. § 1A-1. It has been held by this Court that the rule requires the pleader to state the time, place and content of the alleged fraudulent undertaking. *Coley v. North Carolina National Bank*, 41 N.C. App. 121, 254 S.E. 2d 217 (1979). Clearly, the recitation of "[m]ere generalities and conclusory allegations" is not suf-

ficient to plead fraud. *Moore v. Wachovia Bank and Trust Co.,* *supra* at 391, 226 S.E. 2d at 835; *see also Best v. Perry,* 41 N.C. App. 107, 254 S.E. 2d 281 (1979).

When we examine the pleading before us in light of these requirements, we find it deficient. The only facts plaintiff has alleged are that the business was conveyed three weeks before his father died and that his father was very ill at the time. He has alleged no facts respecting the content of the negotiations between his father and the defendant prior to the signing of the document transferring the business, and he concedes in his argument on appeal that he does not know the substance of the transactions between his father and the defendant. He has alleged no facts which would demonstrate that the defendant acted intentionally to deceive him, nor in our opinion, has he pleaded any facts from which such an intent could be inferred. Although he asserts that the price paid by the defendant was grossly inadequate, he has alleged no facts to show the "true market value" of the interest transferred so that we can weigh the adequacy of the price. In short, plaintiff has pleaded no facts to support his general allegation that the defendant fraudulently induced the transfer of the deceased's interest in the store. That allegation, in the absence of facts on which it can stand, is a mere conclusion on the plaintiff's part.

We are not unsympathetic to the plaintiff's plight and his supposed inability to gather the facts, if they exist, to support his pleading. We are not inadvertent to the fact that his father was very ill at the time he transferred his interest in the business to the defendant. On the other hand, we cannot overlook the facts, also contained in the plaintiff's complaint, that his father and the defendant were brothers; that they had worked closely together in the business for many years; and, most significantly, that his father had transferred *by gift* a number of shares of stock in the business to the defendant almost four years prior to his death. It would require the rankest speculation on our part to supply the facts and circumstances necessary to make out a case of actionable fraud for this plaintiff. That we will not do. We hold that the defendant's motion to dismiss the plaintiff's first claim for relief was properly granted.

For the same reasons, plaintiff's fourth claim for relief must fall. We believe that plaintiff has but stated in different words his general allegation of fraud when he alleges in the fourth claim that the defendant induced the transfer by exercising "deceit and influence" over the deceased. He has pleaded no new or additional facts in the fourth claim, and it likewise was properly dismissed.

[2] In his third claim for relief, plaintiff alleged that the defendant, while acting as executor of his father's estate, engaged in "self-dealing" in that he had a duty, as executor, to refuse to approve the contract for the sale of the deceased's interest in the company since the contract was not "in the best interest of the estate." Defendant's approval of the contract, in plaintiff's view, constituted a breach of fiduciary duty.

Here we think the complaint patently fails to state a claim for relief, since the sales contract was executed and the transfer of plaintiff's father's interest to defendant consummated 21 days before Mr. Terry's death. Also, defendant did not qualify as the executor of the estate until some time thereafter. While the defendant as executor obviously had fiduciary duties, manifestly the defendant owed no fiduciary duties to the deceased or to plaintiff at the time he purchased the interest in the store. The trial court correctly allowed defendant's Rule 12(b)(6) motion to dismiss this claim.

Finally, plaintiff asserted in his sixth claim for relief that he was entitled to punitive damages for being "deceived, oppressed, and embarrassed by the false actions and representations" of the defendant. It is hardly necessary to observe that damages are not awarded in a vacuum. Having failed to state a claim for relief based on fraud, *a fortiori* plaintiff has failed to assert a claim for punitive damages.

[3] Defendant purports to appeal from the denial of his motion to dismiss the plaintiff's fifth claim for relief. No appeal lies from the denial of a Rule 12(b)(6) motion. *O'Neill v. Southern National Bank*, 40 N.C. App. 227, 252 S.E. 2d 231 (1979). Therefore, defendant's appeal will be dismissed.

The result is: With respect to plaintiff's appeal, the Order dismissing his first, third, fourth and sixth claims for relief is affirmed; with respect to defendant's appeal from the denial of his

motion to dismiss the fifth claim for relief, the appeal is dismissed.

Affirmed in part; dismissed in part.

Judges WEBB and WELLS concur.