MELVIN D. CHILDERS, JR. v. JOHN E. HAYES

No. 8526SC448

(Filed 19 November 1985)

1. **Fraud § 12.1— action against investment advisor—dismissal proper**

The trial court did not err in an action for fraud arising from defendant's investments of plaintiff's money by granting defendant's Rule 41(b) motion for dismissal where plaintiff alleged that defendant said he would transact business in a way which would give plaintiff tax advantages which plaintiff did not receive and that federal court rulings gave defendant notice of the falsity of his representations. The representations defendant made regarding future conduct did not relate to material past or existing facts and the federal court rulings did not occur until after the representations were made.

2. **Fiduciaries § 1— breach of fiduciary duty by investment advisor—judgment for defendant proper**

The trial court did not err by entering a judgment for defendant on a breach of fiduciary duty claim arising from defendant's investment of plaintiff's funds where the claim was essentially a negligence or malpractice claim, the evidence supported the findings, and the findings supported the conclusions.

3. **Appeal and Error § 2; Fiduciaries § 1— breach of duty by investment advisor—theories not raised at trial—not supported by evidence**

The trial court did not err in an action arising from defendant's investment of plaintiff's money by dismissing plaintiff's unfair and deceptive trade practices claim and by failing to find that defendant had breached his duty of loyalty and his duty to keep control of the trust property. The breach of duty and control theories were raised for the first time on appeal, there was no evidence that the conduct cited in support of those theories proximately caused plaintiff's injury, and the negligence and fraud claims out of which the unfair and deceptive trade practice claims arose were properly disposed of by dismissal or judgment for defendant.

APPEAL by plaintiff from *Grist, Judge.* Judgment entered 24 October 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 30 October 1985.

This is a civil action wherein plaintiff, Dr. Melvin Childers, seeks compensation for funds entrusted to his investment agent, defendant John Hayes. Plaintiff alleged in his complaint that he is entitled to compensation because defendant's conduct constitutes common law fraud, unfair and deceptive trade practices within the meaning of G.S. 75-1.1, and negligent supervision of trust funds. Judge Grist, sitting without a jury, found facts which may be summarized as follows:

1) On 26 August 1980 plaintiff and defendant entered a trust and agency contract whereby the defendant as trustee, was given broad powers to invest all monies placed in the trust by the plaintiff in "gold, precious metal, commodities . . . and any other property as such Trustees may deem best . . . [and to invest] any place in the world and in any form or entity which the Trustees may determine."

2) Plaintiff sent defendant $100,000 of investment funds. Ninety thousand dollars of these funds were used by defendant as trustee for plaintiff to become a participant in the Intertrade Partnership in Lausanne, Switzerland. Ten thousand dollars were retained in a separate account in Atlanta for speculative commodity trading in the United States. Plaintiff also sent defendant $400 in January of 1981 and January of 1982 as trustee's fees.

3) As a result of Intertrade's dealings in South African Krugerrands and English pounds, all but $600 of plaintiff's money invested in the Intertrade Partnership was lost.

4) Defendant made several trips to Switzerland and examined the business documents of Intertrade Partnership. Nothing in the records documenting transactions conducted by Frederich Thom, managing director of Intertrade Partnership, indicated to the defendant that these transactions were in any way improper.

5) The defendant entered into an offshore investment partnership in the way that he explained to the plaintiff in 1980.

From the order dismissing his fraud and unfair competition claims and judgment for defendant on his negligence claim, plaintiff appealed.

*George C. Collie, and Charles M. Welling, for plaintiff, appellant.*

*Roy H. Michaux, Jr., for defendant, appellee.*

HEDRICK, Chief Judge.

[1] Plaintiff by his first assignment of error contends that there is no competent evidence to support the court's finding of fact that "[t]he defendant did engage in an off-shore investment partnership in the way that he represented to the plaintiff in June and July of 1980." Plaintiff further contends that this finding of fact was necessary to support the trial court's dismissal of his fraud action pursuant to G.S. 1A-1, Rule 41(b).

When a Rule 41(b) motion is made in a non-jury trial, the judge becomes both the judge and the jury and he must consider and weigh all competent evidence before him. *Dealers Specialties, Inc. v. Housing Services*, 305 N.C. 633, 291 S.E. 2d 137 (1982). The trial judge may weigh the evidence, find the facts and sustain defendant's Rule 41(b) motion at the conclusion of plaintiff's evidence even though plaintiff has made out a prima facie case which would have precluded a directed verdict for defendant in a jury trial. *Helms v. Rea*, 282 N.C. 610, 194 S.E. 2d 1 (1973).

To make out a case of fraud, plaintiffs must show: 1) that defendant made a representation relating to some material past or existing fact; 2) that the representation was false; 3) that defendant knew the representation was false when it was made or made it recklessly; 4) that defendant made the false representation with the intention that it should be relied upon by plaintiffs; 5) that plaintiffs reasonably relied upon the representation and acted upon it; and 6) that plaintiff was injured. *Johnson v. Insurance Co.*, 300 N.C. 247, 253, 266 S.E. 2d 610, 615 (1980). In support of his contention that the trial court erred in dismissing his fraud claim, plaintiff emphasizes that defendant said he would transact business in a way which would give plaintiff tax advantages which plaintiff did not receive. The representations defendant made regarding future conduct did not relate to material past or existing facts. Furthermore, the federal court rulings which plaintiff contends gave notice to defendant of the falsity of his representations did not occur until after the representations were

made. The trial court did not commit reversible error by granting defendant's Rule 41(b) motion dismissing plaintiff's fraud claim.

[2] Plaintiff next contends that the trial court entered judgment for the defendant on the breach of fiduciary duty claim under a misapprehension of the applicable law. The heart of plaintiff's breach of fiduciary duty claim as stated in plaintiff's complaint is as follows:

19. As trustee, defendant was obligated to discharge his duties with respect to the trust with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of a similar enterprise.

20. Defendant as trustee breached his fiduciary duty with respect to the trust, in that:

a. Defendant failed to investigate and to properly supervise the transfer of plaintiff's funds in his possession to foreign third parties.

b. Defendant failed to secure confirmation or other substantiation of any trading activity.

c. Defendant failed to monitor, supervise or otherwise account for plaintiff's funds in the trust.

This claim is essentially a negligence or professional malpractice claim. Our standard of review here is quite narrow. Findings of fact made by the court in a non-jury trial have the force and effect of a jury verdict and are conclusive on appeal if supported by competent evidence, even though the evidence could support a contrary finding. *Curl v. Key*, 311 N.C. 259, 316 S.E. 2d 272 (1984). We have studied the voluminous record on appeal extensively. The evidence supports the findings of fact. The findings of fact support the conclusions of law.

[3] Plaintiff attempts to assign error to the trial court's failure to find that defendant breached his duty of loyalty and that defendant breached his duty to keep control of trust property. These two theories of recovery are advanced for the first time on appeal. Contentions not raised at trial may not be raised for the first time on appeal. *Plemmer v. Matthewson*, 281 N.C. 722, 190 S.E. 2d 204 (1972); *Ormond v. Crompton*, 16 N.C. App. 88, 191 S.E.

2d 405, *cert. denied*, 282 N.C. 304, 192 S.E. 2d 194 (1972). Furthermore, there is no evidence that the conduct of defendant advanced by plaintiff in support of these two theories of recovery proximately caused the plaintiff's injury. Plaintiff also contends that the trial court erred in dismissing his unfair and deceptive trade practices claim. Plaintiff asserts that this claim derives from his fraud and negligence claim. Because the trial court's disposition of plaintiff's fraud and negligence claims was without error, the trial court did not err in dismissing plaintiff's unfair and deceptive trade practices act claim. We therefore affirm the trial court's dismissal of plaintiff's fraud and unfair trade practices claims and the judgment for defendant on plaintiff's negligence claim.

Affirmed.

Judges EAGLES and MARTIN concur.