TRAVIS v. KNOB CREEK, INC.

[94 N.C. App. 374 (1989)]

---

CHARLES J. TRAVIS v. KNOB CREEK, INC. AND ETHAN ALLEN, INC.

No. 8825SC1001

(Filed 20 June 1989)

1. **Appeal and Error § 68; Master and Servant § 9— breach of employment contract — release executed by employee — evidence excluded — prior Supreme Court ruling controlling**

   In an action for breach of a written, fixed term employment contract where plaintiff sought monetary damages, the Supreme Court in an earlier appeal of the action clearly determined that the trial court did not err in excluding evidence pertaining to a release executed by plaintiff.

2. **Appeal and Error § 12— application of statute of limitations — failure to raise defense at trial — no consideration on appeal**

   Defendants could not raise on appeal a question pertaining to the application of the three-year statute of limitations to plaintiff's claim, since defendants failed to raise this defense at the second trial.

APPEAL by defendants from *Owens, Hollis M., Jr., Judge.* Judgment entered 20 April 1988 in CATAWBA County Superior Court. Heard in the Court of Appeals 8 May 1989.

A review of the history of this case is appropriate for understanding our disposition of this appeal.

Plaintiff brought an action against defendants for breach of a written, fixed term employment contract, seeking monetary

TRAVIS v. KNOB CREEK, INC.

[94 N.C. App. 374 (1989)]

damages. At the first trial of the case, the following issues were submitted to and answered by the jury:

1. Did the plaintiff enter into an agreement with Knob Creek, Inc. by the terms of which the plaintiff was to be employed for a term of years for specified sums?

ANSWER — Yes

2. Did the plaintiff substantially perform the agreement?

ANSWER — Yes

3. Did the defendants breach the agreement?

ANSWER — Yes

4. Did the release executed by the plaintiff in December 1979 serve to bar the plaintiff from recovery upon the contract of employment?

ANSWER — Yes

5. What amount of wages, if any, is the plaintiff entitled to recover of the defendants?

ANSWER — _____

From judgment entered in defendants' favor on the jury's verdict, plaintiff appealed to this Court. In that appeal, defendants cross-assigned as error the trial court's denial of their motion for a directed verdict on the grounds that plaintiff's claim was barred by the three-year statute of limitations under N.C. Gen. Stat. § 1-52(1) (1983). This Court found no error in the trial, but did not reach defendants' cross-assignment of error. *See Travis v. Knob Creek, Inc.,* 84 N.C. App. 561, 353 S.E. 2d 229 (1987). On discretionary review, our Supreme Court reversed the decision of this Court, holding that the trial court erred in submitting the release issue to the jury, and ordered a new trial. *See Travis v. Knob Creek, Inc.,* 321 N.C. 279, 362 S.E. 2d 277 (1987). In its opinion, the Supreme Court determined that defendants had abandoned the statute of limitations question in their presentation to that court.

At the second trial, the jury awarded plaintiff monetary damages in the amount of $133,800.00, and from judgment entered for plaintiff on that verdict, defendants now appeal.

We refer to our previous opinion and the opinion of our Supreme Court for further factual details of this case.

TRAVIS v. KNOB CREEK, INC.

[94 N.C. App. 374 (1989)]

*Patrick, Harper & Dixon, by Stephen M. Thomas, for plaintiff-appellee.*

*Blakeney, Alexander & Machen, by W. S. Blakeney and David L. Terry, for defendant-appellants.*

WELLS, Judge.

[1] In this appeal, defendants have assigned error to the trial court's excluding evidence pertaining to the release executed by plaintiff. In its opinion, our Supreme Court clearly determined this issue adversely to defendants. We quote:

At the time he signed his general release, the plaintiff neither had a cause of action nor had he asserted a legal right to continue working for Knob Creek. Until Knob Creek sought to discharge him, there was no reason for him to make such an assertion. His "claim" did not arise until over four years after the date of the release. The release did not specifically include future claims or existing non-asserted rights, and it did not contain any language implying that such claims or rights were being released. As a matter of law, the release here could not bar the plaintiff's claim or his right to work under the terms of the employment contract, because the release did not specifically refer to future claims or existing rights.

*Travis, supra.* Our Supreme Court's decision on this issue constitutes the law of the case and is thus binding on subsequent proceedings and appeals. *See Tennessee-Carolina Transportation v. Strick Corp.,* 286 N.C. 235, 210 S.E. 2d 181 (1974); *Lowder v. All Star Mills,* 91 N.C. App. 621, 372 S.E. 2d 739 (1988). We therefore hold that the trial court properly excluded defendants' proffered evidence pertaining to plaintiff's release and overrule this assignment of error.

[2] Defendants also attempt to present a question pertaining to the application of the three-year statute of limitations to plaintiff's claim, asserting that the statute operated to bar plaintiff's claim. Defendants failed to raise this defense at the second trial, and therefore they may not now raise it on appeal. Contentions not raised at trial may not be raised for the first time on appeal. *See Childers v. Hayes,* 77 N.C. App. 792, 336 S.E. 2d 146 (1985), *disc. rev. denied,* 316 N.C. 375, 342 S.E. 2d 892 (1986), and cases cited therein.

KNOTVILLE VOLUNTEER FIRE DEPT. v. WILKES COUNTY

[94 N.C. App. 377 (1989)]

No error.

Chief Judge HEDRICK and Judge ARNOLD concur.