SOUTHEASTERN HOSPITAL SUPPLY CORP. v. CLIFTON & SINGER

[110 N.C. App. 652 (1993)]

Reversed and remanded.

Judges COZORT and LEWIS concur.

---

SOUTHEASTERN HOSPITAL SUPPLY CORPORATION, PLAINTIFF/APPELLANT v. CLIFTON & SINGER, PARTNERSHIP, AND BENJAMIN CLIFTON, JR., DEFENDANT/APPELLEE

No. 9212SC258

(Filed 15 June 1993)

Limitations, Repose, and Laches § 26 (NCI4th)— attorney malpractice—accrual of cause of action—last act giving rise to cause of action—termination of attorney-client relationship

The trial court improperly dismissed a malpractice action against a law firm under N.C.G.S. § 1A-1, Rule 12(b)(6) based upon the three-year statute of limitations of N.C.G.S. § 1-15(c) where defendant represented plaintiff in a lawsuit against plaintiff, defendant failed to produce documents as ordered, plaintiff's answer was stricken and a default judgment entered against it, a verdict on damages was returned against plaintiff, and plaintiff brought this action alleging that defendant's negligent representation continued through 9 March 1988, the date defendant ceased its representation of plaintiff. Taking plaintiff's allegations as true, defendant's last wrongful act may have occurred as late as 9 March 1988; therefore, this action may not have accrued until that time and, having commenced on 25 February 1991, might not be barred by the three-year statute of limitations.

**Am Jur 2d, Attorneys at Law §§ 219-221.**

Judge GREENE dissenting.

Appeal by plaintiff from judgment entered 12 December 1991 by Judge E. Lynn Johnson in Cumberland County Superior Court. Heard in the Court of Appeals 26 February 1993.

Plaintiff filed a complaint alleging legal negligence, and defendants moved to dismiss plaintiff's complaint for failure to state a claim. See N.C.R. Civ. P. 12(b)(6). The trial court granted defend-

ants' motion and dismissed plaintiff's action. From this order plaintiff appeals.

*Senter, Hockman & Koenig, P.A., by William L. Senter, for plaintiff appellant.*

*Bailey & Dixon, by Gary S. Parsons and Renee C. Riggsbee, for defendant appellees.*

ARNOLD, Chief Judge.

The test on a Rule 12(b)(6) motion is whether the complaint is legally sufficient. *Tennessee v. Environmental Management Comm'n*, 78 N.C. App. 763, 765, 338 S.E.2d 781, 782 (1986). In ruling upon such motion, the trial court must view the allegations of the complaint as admitted and on that basis must determine as a matter of law whether the allegations state a claim for which relief may be granted. *Id.*

Plaintiff Southeastern alleged the following in its complaint: Benjamin Clifton, Jr., a partner in the law firm Clifton and Singer, represented Southeastern in an action brought against it by Roane-Barker, Inc. During discovery, Roane-Barker requested production of certain documents. Clifton signed a consent order agreeing to produce the documents. However, Clifton did not produce the documents and ultimately Roane-Barker moved the trial court to compel discovery and for sanctions. On 21 August 1987, the trial court entered an order striking Southeastern's answer for failure to appropriately respond to discovery. Clifton filed notice of appeal from the order but he did not perfect the appeal.

Southeastern further alleged that, on 1 March 1988, Roane-Barker obtained an entry of default. The case was tried on the issue of damages and a verdict was returned for Roane-Barker. Clifton and the law firm of Clifton and Singer negligently represented Southeastern through 9 March 1988, the date Clifton ceased his representation of Southeastern. As a result of this negligence, Southeastern was precluded from presenting its meritorious defense to Roane-Barker's claim, and therefore, Southeastern did not prevail in the action and was required to pay damages.

The issue here is whether plaintiff's action for legal negligence is barred under N.C. Gen. Stat. § 1-15(c) (1983). A cause of action for legal malpractice accrues at the time of the occurrence of the last wrongful act of the defendant and an action must be com-

menced within three years of that accrual. *Nationwide Mut. Ins. Co. v. Winslow,* 95 N.C. App. 413, 415, 382 S.E.2d 872, 873 (1989); *see* N.C. Gen. Stat. § 1-15(c) (1983). Plaintiff alleged that defendants' negligent representation continued through 9 March 1988. Taking plaintiff's allegations as true, defendants' last wrongful act may have occurred as late as 9 March 1988. As a result, the cause of action may not have accrued until that time. Therefore, the action, which commenced on 25 February 1991, might not be barred by the three year statute of limitations under G.S. § 1-15(c), and was improperly dismissed pursuant to Rule 12(b)(6).

We have examined plaintiff's remaining argument and determine it to be without merit. The order of the trial court dismissing plaintiff's action is

Reversed.

Judge McCRODDEN concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I do not read the complaint, as does the majority, to allege that defendants negligently represented plaintiff through 9 March 1988. The complaint alleges that the "defendants' representation of Southeastern continued up to and including March 9, 1988." However, the allegations of negligence relate to the conduct of defendants in failing to respond to discovery requests up to and including 21 August 1987, the date on which the trial court struck Southeastern's answer for failure to respond to discovery.

Because a claim for legal malpractice does not accrue upon the termination of the attorney-client relationship, but instead accrues, in this case, upon the occurrence of the "last act of the defendant giving rise to the cause of action," N.C.G.S. § 1-15(c) (1983); *see also Brantley v. Dunstan,* 10 N.C. App. 706, 708, 179 S.E.2d 878, 879 (1971); *Shelton v. Fairley,* 72 N.C. App. 1, 9, 323 S.E.2d 410, 416 (1984), *disc. rev. denied,* 313 N.C. 509, 329 S.E.2d 394 (1985), plaintiff's claim for relief accrued on 21 August 1987. Therefore, the claim is barred because it was filed on 14 March 1991, more than three years after its accrual. Accordingly, I would affirm the trial court's dismissal of the complaint.