LINDA R. SHARP v. D. KEITH TEAGUE AND D. KEITH TEAGUE, P.A.

No. 931SC36

(Filed 15 February 1994)

1. **Limitations, Repose, and Laches § 26 (NCI4th)— legal malpractice — continuous representation doctrine — insufficiency of complaint**

Under the "continuous representation" doctrine with respect to legal malpractice, the statute of limitations and the statute of repose do not accrue until the earlier of either the date the attorney ceases serving the client in a professional capacity with regard to the matters which are the basis of the malpractice action or the date the client becomes aware or should become aware of the negligent act. It remains an open question as to whether North Carolina recognizes the "continuous representation" doctrine, but, even if it does, plaintiff's complaint was insufficient to allege that defendants continued through 3 July 1989, the date defendants withdrew as counsel, to represent plaintiff with regard to her domestic relations claims which were the basis of the malpractice action; the court could not equate the date of the attorney's withdrawal of record with the date the attorney ceased representing the

client with regard to the matters which were the basis of the malpractice action; the doctrine of continuing representation did not apply; and the statutes of limitations and repose accrued on the date of the last act of the defendants giving rise to the cause of action.

**Am Jur 2d, Attorneys at Law §§ 197 et seq.**

2. **Fraud, Deceit, and Misrepresentation § 24 (NCI4th) — complaint not sufficiently particular — fraud claims properly dismissed**

Plaintiff's complaint did not meet the requirements of particularity with regard to fraud or constructive fraud and presented nothing more than conclusory statements with regard to these claims; therefore, the claims denominated fraud and breach of fiduciary duty were nothing more than claims for negligence and were properly dismissed. N.C.G.S. § 1A-1, Rule 9(b).

**Am Jur 2d, Fraud and Deceit §§ 423 et seq.**

Appeal by plaintiff from judgment entered 24 September 1992 in Dare County Superior Court by Judge Hollis M. Owens, Jr. Heard in the Court of Appeals 18 November 1993.

*Carol M. Schiller for plaintiff-appellant.*

*Baker, Jenkins, Jones & Daly, P.A., by Ronald G. Baker and Kevin N. Lewis, for defendant-appellees.*

GREENE, Judge.

Linda R. Sharp (plaintiff) appeals from a Rule 12(b)(6) dismissal of her complaint.

The complaint, filed on 9 June 1992 and amended on 17 June 1992, alleges in pertinent part that on 22 June 1984 plaintiff employed D. Keith Teague and D. Keith Teague, P.A. (defendants) to represent her in all matters arising from her separation and divorce from her former husband, "including but not limited to child support, child custody, alimony *pendente lite*, permanent alimony, equitable distribution, attorney fees, potential tort claims against Susan Willis Johnson (Sharp) and all other matters necessary to protect her legal entitlements under Chapter 50 of the North Carolina General Statutes." Defendants, who had agreed to represent plain-

tiff and accepted payments from her until 3 July 1989, withdrew as counsel of record for plaintiff on that date. Plaintiff subsequently employed new legal counsel in 1989.

Plaintiff asserts four theories under which she claims an entitlement to recovery: negligence, breach of contract, fraud, and breach of fiduciary duty. Plaintiff claims that defendants were negligent in several respects in that they: (1) failed to file an alienation of affection action against Susan Willis Johnson (Sharp); (2) failed to advise plaintiff of the statute of limitations on filing an alienation of affection claim; (3) did not, prior to 2 June 1988, take appropriate action to "prevent dissipation and disappearance of Plaintiff's interest in the marital property"; (4) advised plaintiff "that she would not qualify for alimony *pendente lite* and permanent alimony" and advised her to sign a consent decree on 7 November 1984 waiving those rights; (5) advised plaintiff to sign the 7 November 1984 consent decree in which defendants were to be paid $1,000 in attorney fees and defendants "subsequently billed for attorney fees in excess of $4,000"; (6) advised plaintiff to sign the 7 November 1984 consent decree in which plaintiff "waived the right to share in the estate and life estate of [her former husband] upon his death [when] the majority of the marital property was titled in the name of [her former husband]"; and (7) waived plaintiff's right to discovery in a consent decree dated 2 June 1988, thus permitting "opposing counsel to suppress evidence that would legally have been required to be revealed."

On the fraud claim, plaintiff, incorporating the previous allegation regarding defendants' alleged negligent conduct, further alleges that she "has relied to her detriment on the misrepresentation, misinformation, erroneous legal counsel and advice given to her by the Defendants during the course of their representation of her" and that she has suffered "economic[,] . . . emotional and mental" damages as a proximate result of defendants' misrepresentations. On the breach of fiduciary duty claim, plaintiff alleges that defendants' actions as set forth in the negligence claim also "constitute a breach of Defendants' fiduciary duty owed to the plaintiff."

Defendants moved to dismiss the complaint, pursuant to Rule 12(b)(6), and the trial court, on 24 September 1992, allowed defendants' motion and dismissed the complaint.

The issues presented are whether (I) all claims arising out of an attorney-client relationship are governed by the same statute of limitations; and (II) the trial court erred by dismissing plaintiff's complaint pursuant to Rule 12(b)(6) for failure to state a claim.

I

Defendants argue that because all the actions plaintiff contends caused her damage are in the nature of legal malpractice, the relevant statute of limitation is set by N.C. Gen. Stat. § 1-15(c). This is so, defendants contend, without regard to whether the claim is based on negligence, contract, fraud, or breach of fiduciary duty. The plaintiff argues that N.C. Gen. Stat. § 1-15(c) governs only claims based on negligence and that the claims based on contract, fraud, and breach of fiduciary duty are governed by N.C. Gen. Stat. § 1-52.

Neither party is entirely correct. The appropriate statute of limitations depends "upon the theory of the wrong or the nature of the injury." 2 Ronald E. Mallen and Jeffrey M. Smith, *Legal Malpractice* § 18.3, at 69 (3d ed. 1989) [hereinafter *Legal Malpractice*]. Because claims "arising out of the performance of or failure to perform professional services" based on negligence or breach of contract are in the nature of "malpractice" claims, they are governed by N.C. Gen. Stat. § 1-15(c). N.C.G.S. § 1-15(c) (1983) (governs "malpractice" claims "arising out of the performance of or failure to perform professional services"); *Webster v. Powell*, 98 N.C. App. 432, 440, 391 S.E.2d 204, 208 (1990), *aff'd*, 328 N.C. 88, 399 S.E.2d 113 (1991). Fraud by an attorney, however, is not within the scope of "professional services" as that term is used in N.C. Gen. Stat. § 1-15(c), and thus cannot be "malpractice" within the meaning of that statute. *Legal Malpractice* § 18.8, at 92; *see Watts v. Cumberland County Hosp. Sys., Inc.*, 317 N.C. 110, 343 S.E.2d 879 (1986) (recognizing claims based on fraud and breach of fiduciary duty even though claim based on negligence had been dismissed as being untimely). "If the claim is for fraud, which includes a deliberate breach of a fiduciary obligation, the courts have generally applied the jurisdiction's fraud statute of limitations." *Legal Malpractice* § 18.4, at 71.

## II

### Negligence and Breach of Contract

[1] N.C. Gen. Stat. § 1-15(c), which establishes a four-year statute of repose and a three-year statute of limitations, provides in pertinent part:

> (c) Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: Provided that whenever there is bodily injury to the person, economic or monetary loss, or a defect in or damage to property which originates under circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made: Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further, that in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action: . . .

N.C.G.S. § 1-15(c) (1983). The statute creates a statute of limitations and a statute of repose, both of which accrue on the date of the "last act of the defendant giving rise to the cause of action." *Stallings v. Gunter*, 99 N.C. App. 710, 714, 394 S.E.2d 212, 215, *disc. rev. denied*, 327 N.C. 638, 399 S.E.2d 125 (1990).

This Court, however, has recognized within the context of medical malpractice an exception to the rule that "the action accrues at the time of the defendant's negligence." *Ballenger v. Crowell*, 38 N.C. App. 50, 58, 247 S.E.2d 287, 293 (1978). In this context, the "action accrues at the conclusion of the physician's treatment of the patient, so long as the patient has remained under the continuous treatment of the physician for the injuries which gave rise to the cause of action." *Stallings*, 99 N.C. App. at 714, 394 S.E.2d at 215. Under this "continuing course of treatment" doctrine the cause of action for medical malpractice accrues at "the earlier

of (1) the termination of [the physician's] treatment of the plaintiff or (2) the time at which the plaintiff knew or should have known of his injury." *Hensell v. Winslow,* 106 N.C. App. 285, 290, 416 S.E.2d 426, 430, *disc. rev. denied,* 332 N.C. 344, 421 S.E.2d 148 (1992). Under this doctrine, it "is not necessary . . . that the treatment rendered subsequent to the negligent act itself be negligent, if the physician continued to treat the patient for the . . . condition created by the original act of negligence." *Stallings,* 99 N.C. App. at 714-15, 394 S.E.2d at 215.

Plaintiff argues that these same principles utilized in the context of medical malpractice should apply to legal malpractice. Other jurisdictions applying the "continuing course of treatment" doctrine in the context of medical malpractice generally apply what is known as the "continuous representation" doctrine in the context of legal malpractice. *Legal Malpractice* § 18.12, at 116; *see e.g., MacLellan v. Throckmorton,* 367 S.E.2d 720 (Va. 1988). Under this doctrine, the statute of limitations and the statute of repose do not accrue until the earlier of either the date the attorney ceases serving the client in a professional capacity with regard to the matters which are the basis of the malpractice action or the date the client becomes aware or should become aware of the negligent act. It is argued by those who support this doctrine that it permits a client who is unaware of her attorney's negligence to remain in the attorney-client relationship without fear of her malpractice claim being time barred and provides the attorney an opportunity to correct his error.

It remains an open question in North Carolina as to whether we recognize the "continuous representation" doctrine. We have not either specifically adopted or rejected it. In 1984, this Court, in *Shelton v. Fairley,* 72 N.C. App. 1, 9, 323 S.E.2d 410, 416 (1984), *disc. rev. denied,* 313 N.C. 509, 329 S.E.2d 394 (1985), stated that a case cited by the plaintiff in that case provided "no authority" for the contention that "the statute of limitations against a defendant in a fiduciary relationship does not begin to run until termination of the relationship." *See also Small v. Britt,* 64 N.C. App. 533, 535, 307 S.E.2d 771, 773 (1983) (cause of action against attorneys based upon alleged negligent representation in death penalty prosecution accrued on date of entry of guilty verdict where no act of negligence was alleged after that date even though attorneys continued representation through sentencing); *Thorpe v. DeMent,* 69 N.C. App. 355, 359, 317 S.E.2d 692, 695, *aff'd,* 312 N.C. 488,

322 S.E.2d 777 (1984) (legal malpractice action accrued on last day attorney could have filed wrongful death claim with estate even though attorney continued to represent plaintiff for some twelve more months). More recently, the majority of a panel of this Court held that the statute of limitations in a legal malpractice action did not accrue until the date the attorney-client relationship was terminated. *Southeastern Hosp. Supply Corp. v. Clifton & Singer*, 110 N.C. App. 652, 654, 430 S.E.2d 470, 471 (1993). We do note however, that the majority of the panel construed the complaint in *Southeastern Hospital Supply* as alleging that the attorney's negligent representation continued until termination of the attorney-client relationship. Also, recently this Court in a legal malpractice action based on the negligent drafting of a will held that the statute of limitations and the statute of repose did not accrue until the date of the death of the testator, which occurred some thirteen years after the alleged negligent act of drafting the will. *Hargett v. Holland*, 111 N.C. App. 200, 205, 431 S.E.2d 784, 786, *disc. rev. allowed*, 335 N.C. 238, 439 S.E.2d 147 (1993); *see Sunbow Indus., Inc. v. London*, 58 N.C. App. 751, 753, 294 S.E.2d 409, 410 (1981) (legal malpractice action did not accrue on the date attorney failed to file financing statement but accrued on the day the debtor filed for bankruptcy), *disc. rev. denied*, 307 N.C. 272, 299 S.E.2d 219 (1982).

Assuming without deciding that North Carolina does recognize the "continuous representation" doctrine, the complaint is insufficient to allege that defendants continued, through 3 July 1989, to represent plaintiff with regard to her domestic relations claims which are the basis of this malpractice action. The complaint only alleges that defendants withdrew as counsel of record on 3 July 1989. The allegations do not reveal when the attorney ceased representing the plaintiff with regard to the matters which are the basis of this malpractice action. This is an important distinction. An attorney who has entered an appearance in any civil action cannot withdraw of record except on order of the court. Rule 16, General Rules of Practice for the Superior and District Courts (1993). "As between the attorney and his client, the relationship may, in good faith, be dissolved at any time." *High Point Bank and Trust Co. v. Morgan-Schultheiss, Inc.*, 33 N.C. App. 406, 414, 235 S.E.2d 693, 698, *disc. rev. denied*, 293 N.C. 258, 237 S.E.2d 535 (1977), *cert. denied*, 439 U.S. 958, 58 L. Ed. 2d 350 (1978). Thus as between the attorney and the client, the relationship may in some instances terminate prior to the date the attorney withdraws

of record. We cannot, therefore, equate the date of the attorney's withdrawal of record with the date the attorney ceased representing the client with regard to the matters which are the basis of the malpractice action. Therefore, the doctrine of continuing representation does not apply and the statutes of limitations and repose accrued on the date of the "last act of the defendant[s] giving rise to the cause of action."

In this case, plaintiff alleges defendants were negligent in advising her to sign a consent decree on 7 November 1984 which waived her right to alimony and her right to inherit from her former husband in the event he were to die before the parties divorced. The plaintiff also claims some negligent conduct with respect to the 7 November 1984 decree as it related to attorney fees. Even assuming plaintiff sustained injuries from these alleged negligent acts which were "not readily apparent," plaintiff's claims based on these alleged acts of negligence are barred because they must have been filed on or before 8 November 1988 or within four years of the alleged negligent acts.

The plaintiff further alleges that defendants were negligent in failing to obtain discovery "from 1985 to December 13, 1988." Again assuming that injuries to plaintiff for the alleged negligent acts between 1985 and 7 June 1988 were "not readily apparent," plaintiff's claim based on these alleged acts of negligence is barred because it was not filed on or before 8 June 1992 or within four years of the alleged negligent acts. The claim based on the alleged negligent acts occurring between 8 June 1988 and 13 December 1988 are barred for a different reason. After plaintiff employed new counsel "in 1989," she should have discovered the negligence of defendants with regard to the discovery. Because plaintiff should have discovered defendants' negligence within two years of its occurrence, the statute of repose does not apply and plaintiff was therefore required to file this claim within three years of the date of the occurrence of defendants' negligence — on or before 14 December 1991. N.C.G.S. § 1-15(c) (1983).

The plaintiff also alleges that defendants were negligent in failing to file an alienation of affection claim against Susan Willis Johnson. Because plaintiff employed defendants on 22 June 1984 to seek alimony from her former husband, an equitable distribution of the marital property, and to file an action against Susan Willis Johnson for alienation of affection, plaintiff's claim for alienation

of affection necessarily accrued sometime prior to 22 June 1984. *See* 41 Am. Jur. 2d, *Husband and Wife* § 481 (1968) (alienation of affection claim accrues at the time of the loss of affection). Because the tort of alienation of affection has a three-year statute of limitations, N.C.G.S. § 1-52(5), that claim was therefore required to have been filed no later than 23 June 1987. Accordingly, if defendants were negligent in not filing such a claim, and assuming that injury to plaintiff was "not readily apparent," plaintiff's claim on this basis is barred because it was not filed on or before 23 June 1991 or within four years of the alleged negligent act.

Plaintiff finally alleges that defendants, prior to the 2 June 1988 consent decree, permitted the dissipation of marital assets. Again, if defendants were negligent in this respect and even assuming that plaintiff sustained injuries that were not "readily apparent," this claim is barred because it was not filed on or before 3 June 1992 or within four years of the alleged negligent act.

Accordingly, the trial court was correct in dismissing plaintiff's claims based on negligence and breach of contract.

### Fraud and Breach of Fiduciary Duty

[2] Material facts and circumstances constituting fraud must be plead in a complaint with particularity. N.C.G.S. § 1A-1, Rule 9(b) (1990); *Moore v. Wachovia Bank and Trust Co.*, 30 N.C. App. 390, 391, 226 S.E.2d 833, 835 (1976). "Mere generalities and conclusory allegations of fraud will not suffice." *Moore*, 30 N.C. App. at 391, 226 S.E.2d at 835. This is so for both fraud and constructive fraud. *See Watts*, 317 N.C. at 116-17, 343 S.E.2d at 884. Constructive fraud rests upon the presumption arising from a breach of a fiduciary obligation. *Moore*, 30 N.C. App. at 392, 226 S.E.2d at 835. The complaint in this case does not meet the requirements of particularity with regard to fraud or constructive fraud and presents nothing more than conclusory statements with regard to these claims. The claims as alleged are nothing more than claims for negligence. *See Childers v. Hayes*, 77 N.C. App. 792, 795, 336 S.E.2d 146, 148 (1985) (breach of fiduciary duty claim treated as one for negligence), *disc. rev. denied*, 316 N.C. 375, 342 S.E.2d 892 (1986). Accordingly, the claims denominated fraud and breach of fiduciary duty were properly dismissed.

Affirmed.

Judges MARTIN and JOHN concur.